UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TYESHA GAINES,

    Plaintiff,                               CASE NO

v.

DIANA, INC. d/b/a DIAMOND BEAUTY
SUPPLY, a Florida Profit Corporation;
TAMER, INC. d/b/a DIAMOND BEAUTY
SUPPLY #2, a Florida Profit Corporation;
and DIANA KUDSI, an individual,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TYESHA GAINES ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, DIANA, INC. d/b/a DIAMOND BEAUTY SUPPLY ("DBS #1"), TAMER, INC. d/b/a DIAMOND BEAUTY SUPPLY #2 ("DBS #2") and DIANA KUDSI ("KUDSI") (hereinafter, collectively referred to as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action by the Plaintiff to recover unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## JURISDICTION AND VENUE

2. Plaintiff is a resident and citizen of Lee County, Florida.

3. Plaintiff worked for Defendants out of several of Defendants' business locations in Lee County, Florida during the relevant period of this action and within

1

the statute of limitations applicable to the instant claims, including DBS #1 and DBS #2 (DBS #1 and DBS #2 hereinafter collectively referred to as "Diamond Beauty").

4. Defendant DBS #1 is a Florida Profit Corporation.

5. DBS #1 has a principal place of business in Lee County, Florida.

6. Defendant DBS #2 is a Florida Profit Corporation.

7. DBS #2 has a principal place of business in Lee County, Florida.

8. Defendant KUDSI, at all times relevant hereto, was and is a citizen of Florida.

9. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

10. Venue is proper in this Court as the acts and omissions giving rise to the cause of action alleged herein accrued in Lee County, Florida, within the jurisdiction of this Honorable Court, where, at all times relevant, Plaintiff worked for Defendants.

## PARTIES and COVERAGE

11. Plaintiff is a former employee of Defendants.

12. At all times relevant hereto, Plaintiff was Defendants' "employee" within the meanings of the FLSA.

13. At all times relevant hereto, Plaintiff's employment with Defendants was covered under the FLSA.

14.     During the relevant period of this action, Defendant DBS #1 was Plaintiff's "employer" within the meanings of the FLSA.

15.     During the relevant period of this action, Defendant DBS #2 was Plaintiff's "employer" within the meanings of the FLSA.

16.     At all times material hereto, Defendant KUDSI was Plaintiff's "employer" within the meanings of the FLSA.

17.     Defendant DBS #1, at all times relevant hereto, was/is an enterprise engaged in interstate commerce within the meaning of the FLSA.

18.     Defendant DBS #2, at all times relevant hereto, was/is an enterprise engaged in interstate commerce within the meaning of the FLSA.

19.     At all times material hereto, both Diamond Beauty locations' business involved related activities and were operated under unified operations and/or common control, to wit, Diana Kudsi was, at all times, and continues to be the businesses' owner and sole corporate officer.

20.     Upon information and belief, at all times relevant hereto, Defendants' combined gross annual volume of sales is/was in excess of $500,000.

21.     Defendants, at all times relevant hereto, had two or more employees handling, selling, or otherwise working on/with goods or materials that had been moved in or produced for interstate commerce, including but not limited to computers, phones, credit card readers, cosmetics and beauty products, and other

goods or materials associated with the performance of their duties.

22. Defendant KUDSI, at all times relevant hereto, was and is the owner and corporate officer of both Diamond Beauty Defendants.

23. At all times relevant hereto, Defendant KUDSI exercised operational control over the day-to-day business activities of both Diamond Beauty Defendants with respect to their employees, including the Plaintiff.

24. At all times relevant hereto, Defendant KUDSI exercised operational control over the day-to-day business activities of both Diamond Beauty Defendants with respect to their employees, including the Plaintiff, by among other means, hiring Plaintiff and Defendants' other employees, making disciplinary decisions with respect to Plaintiff and Defendants' employees, and determining the method and rates of pay for Plaintiff and Defendants' other employees.

25. At all times relevant hereto, Plaintiff was "engaged in commerce" and/or "the production of goods for commerce" and subject to individual coverage of the FLSA.

## GENERAL FACTUAL ALLEGATIONS

26. At all times relevant hereto, Plaintiff was employed by Defendants to perform work as an hourly paid, FLSA non-exempt cashier and manager at Defendants' places of business in Lee County, Florida.

27. Plaintiff was employed by Defendants as a non-exempt cashier and

manager from on or about December 2022 through May 23, 2025.

28. During Plaintiff's employment with Defendants, and during the relevant period of this action, Plaintiff's work duties included, but were not limited to, opening and closing the store, working the cashier, assisting customers, making sales, and inventory management, among other duties related to her employment.

### Overtime Violations

29. During and throughout Plaintiff's employment with Defendants, and within the relevant statute of limitations applicable to the instant claims, Plaintiff routinely worked in excess of forty (40) hours in a workweek.

30. Plaintiff estimates that, on average, she worked approximately sixty (60) to sixty-five (65) hours per week during her employment with Defendants.

31. At all times relevant, Plaintiff's regular rate of pay was $15 per hour.

32. At all times relevant hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including her hours worked in excess of forty (40) hours each workweek.

33. At all times relevant hereto, despite Defendants being aware and/or on notice of Plaintiff's hours worked in excess of forty (40) in a workweek, they failed to properly pay Plaintiff for all her overtime hours worked.

34. To the extent Defendants compensated Plaintiff for her hours worked

in excess of forty (40) hours in a workweek, if at all, they failed to do so at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

35.    Instead, to the extent that Defendants paid Plaintiff for her hours worked over 40 hours in a workweek, they did so at her regular or "straight time" rate, and failed to pay her any additional statutory overtime premiums.

36.    Defendants' failure to compensate Plaintiff at least at a rate of time and one-half Plaintiff's regular rate of pay for all her overtime hours worked violated the overtime provisions of the FLSA.

37.    Defendants' failure to properly pay Plaintiff's overtime compensation was done willfully or with reckless disregard for Plaintiff's rights under the FLSA.

## COUNT I
## FLSA OVERTIME VIOLATIONS

38.    Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1 - 37 of this Complaint, as if fully set forth herein.

39.    This action is brought by the Plaintiff to recover from Defendants unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the FLSA.

40.    At all relevant times, Plaintiff was a non-exempt employee of Defendants, as defined by Section 203(e) of the FLSA. 29 U.S.C. § 203(e)(1).

41.    At all times relevant hereto, Defendants each are and were "employers" within the meaning of Section 203(d) of the FLSA, which is defined to include any

6

person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

42.  Upon information and belief, at all times relevant hereto, Defendants had gross annual sales in excess of $500,000.00.

43.  At all times relevant hereto, Defendants operated an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 203(s) of the FLSA. 29 U.S.C. § 203(s).

44.  At all times relevant hereto, Defendants failed to compensate Plaintiff at least at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

45.  By failing to pay Plaintiff at a rate no less than one and one-half times her regular rate of pay for all overtime hours worked, Defendants have violated, and continue to violate, Section 207 of the FLSA. 29 U.S.C. § 207.

46.  Plaintiff seeks to recover unpaid overtime wages under the FLSA accumulated from the date of hire and/or from three (3) years from the date of the filing of the Complaint in this action.

47.  Defendants knew that they were required to, at minimum, pay their employees, including Plaintiff, one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, but acted with reckless disregard to their requirements under the law.

48.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to properly pay Plaintiff overtime wage compensation for her hours worked over forty in a workweek, Plaintiff has suffered damages, including the cost of filing the instant action

49.     Defendants knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages, as required by the Fair Labor Standards Act, and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendants and/or from three (3) years from the date of the filing of the Complaint in this action, as set forth above.

50.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to recover her full amount of unpaid back wages, plus the same amount as liquidated damages, as well as an award of reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff seeks an entry of a judgment against Defendants that they have violated the FLSA and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; to be awarded the full amount of actual damages shown to be due for unpaid overtime wage compensation for Plaintiff's hours worked in excess of forty per week, with interest; an award of liquidated damages/double damages in an amount equal to the actual damages shown to be due for unpaid overtime wage compensation; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other

affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

The Plaintiff demands a trial by jury on all issues so triable.

Dated: June 3, 2026

Respectfully submitted:
**MORGAN & MORGAN, P.A.**
By: ***/s/ Corey L. Seldin***
Corey L. Seldin, Esq.
Fla Bar No. 1026565
Morgan & Morgan, P.A.
8151 Peters Road, 4th Floor
Plantation, FL 33324
Phone: (954) 807-7765
Email: cseldin@forthepeople.com

***Counsel for Plaintiff***